IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE **DIVISION**
**CIVIL ACTION NO.** 5:19-CV-00085-KDB-DCK

| | |
|---|---|
| ROBIN T. SHIPP, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| KEVIN GOLDADE | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC. | ) |
| US BANK, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

This matter is before the Court on Plaintiff Robin Shipp's Motion for Default Judgment (Doc. No. 12). Defendants have filed their response to the Motion (Doc. No. 16) and Shipp has filed a reply (Doc. No. 17) (which Plaintiff, appearing *pro se*, named "Answer" to Defendants' response). For the reasons discussed below, the Court, having considered the motion, the parties' arguments in support of and in opposition to it and the other relevant portions of the record, **DENIES** the motion.

## Legal Standard

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgments in civil actions in Federal Court. Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). If the clerk enters a default, the party may seek a default judgment under Rule 55(b). Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise

defend' in accordance with the Rules." *United States v. Moradi,* 673 F.2d 725, 727 (4th Cir.1982); *United Community Bank v. McCarthy, et al.*, 2010 WL 2723726 (W.D.N.C. 2010).

Default judgments are generally disfavored in the Fourth Circuit. *Tazco, Inc. v. Dir., OWCP,* 895 F.2d 949, 950 (4th Cir.1990). "Furthermore, it is recognized that default judgments are inappropriate when a party untimely files an answer or other defensive pleading by only a few days." *Mitchell v. First Cent. Bank, Inc.,* No. 2:08cv6, 2008 U.S. Dist. LEXIS 68109, at *4, 2008 WL 4145451 (N.D.W .Va. Sept. 8, 2008) (denying entry of default judgment when defendant did not file an answer until ten days after time expired); *see Dow v. Jones,* 232 F.Supp.2d 491, 495 (D.Md.2002)(denying entry of default when defendant filed a motion to dismiss three days late); *United States v. Mraz,* 274 F.Supp.2d 750, 756 (D.Md.2003) (denying government's motion for default judgment when defendant did not file an answer until twenty-one days after time expired).

## **Discussion**

Pursuant to the plain language of Rule 55, Plaintiff is not entitled to a default judgment against the Defendants.[1] The clerk has not entered a default against any of the defendants. Further, all of the defendants have filed answers to the Complaint, either in North Carolina Superior Court or in this Court after removal. While Defendants U.S. Bank and Mortgage Electronic Registration Systems failed to answer the Complaint within 30 days of service, they did so on June 20, 2019, approximately one week late. Defendant Goldade timely filed his Answer on July 3, 2019 after the removal of this action to this Court on June 27, 2019.

---

[1] Both Plaintiff and Defendants have focused the bulk of their submissions on a discussion of the relative merits of Plaintiff's claims. The only issue considered by the Court in ruling on this motion is whether Plaintiff is entitled to a default judgment, and the Court expresses no opinion as to the merits of this action at this time.

Accordingly, none of the defendants has "failed to plead or otherwise defend" this action so default judgment may not be entered against them under Rule 55.

**IT IS, THEREFORE, ORDERED** that:

Plaintiff's Motion for Default Judgment (Doc. No. 12) is **DENIED**.

Signed: September 9, 2019

Kenneth D. Bell
United States District Judge